**Jarey STEWART, Plaintiff—Appellant,**

v.

**Helena GWEON; et al., Defendants,**

**and**

**Jack Earls, officially and individually, Defendant—Appellee.**

**No. 03–16745.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

Jarey Stewart, Corcoran, CA, pro se.

Jonathan B. Paul, Esq., Law Offices of Moreno & Rivera, Sacramento, CA, for Defendant and Defendant–Appellee.

Jesse M. Rivera, Esq., Moreno and Rivera, Sacramento, CA, for Defendant–Appellee.

Before B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

MEMORANDUM **

California state prisoner Jarey Stewart appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants confiscated property from his cell. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.

The district court properly dismissed Stewart's action for failure to state a claim because he failed to allege that the defendant's confiscation of materials from Stewart's cell actually hindered his ability to pursue his legal claims in the courts. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (a prisoner's claim of denial of the right to access the courts must allege an actual injury).

Insofar as Stewart contends that the taking of the materials is the issue before the courts, this contention is without merit because the seizure of the materials was reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 79, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

AFFIRMED.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.